UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WINSOME DOREEN STEWART,

                Plaintiff,                    **MEMORANDUM and ORDER**
                                                        24-CV-03053 (OEM)
      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Winsome Doreen Stewart ("Plaintiff" or "Stewart") filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's ("SSA") final administrative determination denying Plaintiff's April 26, 2021 application for Social Security Disability Benefits. Complaint, ECF 1 ("Compl."). This Court granted the parties' joint motion to remand the case to the Social Security Administration. *See* Docket Sheet, Entry dated 07/04/2024. On remand, Plaintiff obtained a fully favorable decision by Administrative Law Judge ("ALJ") Thomas Gray and was awarded $125,260.00 in past-due benefits. Government Response to Motion for Attorney Fees, ECF 12 at 1 n.1. Plaintiff's counsel, Charles E. Binder, now moves for $15,657.50 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, the Court grants Binder's motion in part, denies it in part, and awards Binder $10,325.00.

## BACKGROUND

      Plaintiff filed this action on April 24, 2024. *See* Compl. On July 2, 2024, before the case could be briefed, the parties filed a joint motion to remand to the SSA. Joint Motion to Remand, ECF 6. By Notice of Award dated March 23, 2025, the SSA advised that Plaintiff was due

1

$125,260.00 in benefits and that the SSA had withheld $31,315.00 from Plaintiff's $125,260.00 in past-due benefits to pay a possible attorney's fee request. *See* Response to Motion re: Motion for Attorney Fees, ECF 12 at 1. Binder then filed the instant Section 406(b) motion on April 3, 2025. Motion for Attorney Fees, ECF 9.

## DISCUSSION

### A. Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). Courts start the 14-day clock when Plaintiff's counsel receives notice of the benefit award "because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the [Section] 406(b) motion." *Williams v. Comm'r of Soc. Sec.*, 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (collecting cases). Although Plaintiff's counsel does not specify when he received the notice of award, the notice is dated March 23, 2025, and counsel filed the Section 406(b) motion on April 3, 2025—11 days after the notice was dated—thus rendering counsel's motion timely. *See* Response to Motion re: Motion for Attorney Fees, ECF 12; Motion for Attorney Fees, ECF 9.

### B. Reasonableness of the Requested Fee

Motions for attorney's fees under Section 406(b) must seek a reasonable amount of fees. A court may award a "reasonable fee" that is "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b).

To determine whether a fee is reasonable, the court considers: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the

2

attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) (citation omitted); *see also Barbour v. Colvin*, 12-CV-548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same).

In this case, neither of the first two factors indicates that Plaintiff's counsel seeks an unreasonable fee. First, Plaintiff's retainer agreement with Binder fell within the 25% cap—$31,315.00, or 12.5%—of Plaintiff's past due benefits. Retainer Agreement and Assignment, ECF 11-1. As to the second factor, neither party has alleged fraud or overreach in forming or executing the retainer agreement.

However, in considering whether the requested amount "is so large as to be a windfall" to counsel, the Court finds the requested fee to be unreasonable.

In determining whether a fee amounts to a "windfall," courts consider various factors, including counsel's effective hourly rate. "Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The de facto hourly rate should not be considered alone because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kjiakazi*, 24 F.4th 845, 854 (2d Cir. 2022). In addition to the hourly rate, courts should consider four factors: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-56.

In applying the third *Fields* factor, the Court finds that no downward departure is warranted. With respect to the third factor, the "satisfaction of the disabled claimant," the Court notes that Plaintiff received a favorable outcome in the form of the past-due benefits she sought from the SSA. *See* Fields, 24 F.4th at 855 (finding that the claimant is satisfied due to the fully favorable outcome resulting in a six-figure award).

With respect to the first, second, and fourth factors, the Court finds that a departure from the requested fee award is warranted.

With respect to the first factor, "ability and expertise" of counsel, this Court like other Courts, notes that Binder is an experienced practitioner in the benefits space. *See, e.g.*, *Figueroa v. Comm'r of Soc. Sec.*, 22-CV-3759 (SLC), 2024 WL 5039633, at *3 (S.D.N.Y. Dec. 9, 2024). However, Binder's representation, while efficient, required 5.9 total hours which is far less than the twenty to forty-hour range that courts within this Circuit have found reasonable. *Id.* This case involved no substantial briefing and required counsel to draft only a standard four-page complaint. Binder seeks $15,657.50 which equates to an effective hourly rate of $2,653.81. Generally, "[b]enefits that 'are large in comparison to the amount of time counsel spent on a case' warrant a 'downward adjustment' in attorney's fees awarded." *Dore v. Comm'r of Soc. Sec.*, 21-CV-3928, 2023 WL 2071325, at *1 (E.D.N.Y. Feb. 17, 2023) (citing *Gisbrecht*, 535 U.S. at 808). Moreover, "[a] windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about." *Fields v. Kijakazi*, 24 F.4th 845, 856 (2d Cir. 2022). Because this case seems to be such a case, the Court finds that this factor warrants a downward departure.

The second factor—nature and length of professional relationship—likewise warrants a downward departure. In *Fields*, counsel "advocat[ed] on [their client's] behalf during *four separate hearings* before ALJs *and* in *multiple petitions* to the Appeals Council." 24 F.4th at 855 (emphases added). Here, by contrast, the professional relationship between Stewart and Binder was brief and nothing in the record suggests that counsel represented Plaintiff before the SSA. Therefore, the short duration of this relationship and the minimal representation of Plaintiff prior to filing this action warrant a downward departure.

With respect to the fourth *Fields* factor—the uncertainty that "the case would result in an award of benefits[,]" combined with "the effort it took to achieve that [favorable] result"—the Court notes that Stewart's claim was not as uncertain as the claim in *Fields*, where the SSA denied benefits even after one remand from the district court. *Fields*, 24 F.4th at 850. Stewart's claim did not involve the level of uncertainty or difficulty that justifies the requested amount of fees, nor did the case require multiple rounds of representation to achieve a favorable outcome. The Government's willingness to stipulate to remand without briefing, *see* Joint Motion to Remand to Agency, ECF 6, and the SSA's favorable determination on remand, *see* Affirmation, ECF 11 ¶ 11, suggests a higher level of certainty and thus weighs in favor of a downward departure from counsel's proposed fee award.

For these reasons, the Court finds that an effective hourly rate of $2,653.81 would constitute a windfall and is therefore unreasonable. District courts in this Circuit have found lower effective hourly rates, requested by the same counsel, to be unreasonable after applying a similar analysis. *See Giorgio v. Comm'r of Soc. Sec.*, 21-CV-736 (EK) (MMH), 2025 WL 504537, at *4 (E.D.N.Y. Feb. 15, 2025), *report and recommendation adopted*, 21-CV-736(EK) (MHH), 2025 WL 753867 (E.D.N.Y. Mar. 10, 2025) (rejecting Binder's requested de facto hourly rate of

$6,033.24 for 3 hours); *Gray v. Comm'r of Soc. Sec.*, 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023) (rejecting Binder's requested de facto hourly rate of $1,879.58 for 23.7 hours); *Figueroa v. Comm'r of Soc. Sec.*, 22-CV-3759 (SLC), 2024 WL 5039633, at *5 (S.D.N.Y. Dec. 9, 2024) (rejecting Binder's requested de facto hourly rate of $3,686.30 for 2.7 hours, and collecting cases approving hourly rates between approximately $1,400.00 and $2,100.00 for counsel representing Social Security benefits plaintiffs); *Piccolo v. Kijakazi*, 23-CV-6165 (RPK), 2024 WL 5159439, at *2 (E.D.N.Y. Dec. 18, 2024) (rejecting Binder's requested de facto hourly rate of $2,220.48).

The Court further finds that a fee in the amount of $10,325.00, effectively $1,750.00 per hour, is reasonable, given the character of the representation, the fee agreement, and the favorable results counsel achieved for his client. This is fee amount is in line with the recent findings of other courts in this Circuit that have found similar rates reasonable for Binder when he spent a relatively few hours on a Social Security case. *See generally Santana v. Comm'r of Soc. Sec.*, 22-CV-6014 (BCM), 2025 WL 27685, at *2 (S.D.N.Y. Jan. 3, 2025) (finding that an hourly rate of $1,594.59.00 was reasonable for the 7.4 hours Binder and co-counsel expended on a case); *Mannouris v. Comm'r of Soc. Sec.*, 20-CV-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, 20-CV-9790 (AT), 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) (finding that a de facto hourly rate of $1,918.00 was reasonable for the 7.3 hours Binder and co-counsel expended in part because the attorney-client relationship was ongoing for almost five years.).

Accordingly, the Court hereby approves a fee award in the amount of $10,325.00 pursuant to 42 U.S.C. § 406(b)(1), to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past due benefits.

### C. Equal Access to Justice Act Attorney's Fee Implications

If fee awards are made to a claimant's attorney under both the Equal Access to Justice Act ("EAJA") and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 789; *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."). Because Binder was awarded $1,400.00 in EAJA attorney fees, *see* Docket Sheet, Entry dated 7/17/2024, he is directed to refund Plaintiff the EAJA fees upon receipt of the attorney's fees awarded pursuant to 42 U.S.C. § 406(b).

### CONCLUSION

For these reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part, and counsel is awarded $10,325.00. Upon receipt of this award, counsel shall promptly refund Plaintiff $1,400.00, which represents the EAJA fees already received by counsel. This case remains closed.

**SO ORDERED.**

Dated: April 26, 2025
Brooklyn, New York

/s/
ORELIA E. MERCHANT
United States District Judge